## Hawkins v. Belcher.

October 7, 1947.

Rehearing denied October 24, 1947.

R. Monroe Fields, Judge.

50

G. Tom Hawkins for appellant.

Jean Auxier for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Contestant and contestee with two others were candidates for nomination to the office of Justice of the Peace in Magisterial Dist. No. 8, Pike County, at the August 2, 1947, primary election. Returns showed that contestee had received 297 votes and contestant 209.

On August 4, contestant filed a petition challenging the returns, Belcher alone being named as defendant. In vacation and without notice or summons, on August 9, appellant filed an amended petition, which added nothing of substantial nature to the original. In the meantime contestee had specially plead by answer, raising the question of failure to join the election commissioners as defendants, whereupon contestant again amended, making the election commissioners defendants. All these pleadings undertook to set up grounds of contest, and that the election commissioners had made errors in the count, which he characterized as a "downright steal." Contestee answered without waiving demurrer; this was, in addition to special pleas, a general denial of all allegations of the petitions. Contestant filed a reply denying the special pleas, and undertaking to set up further grounds of contest, alleging that in several precincts "repeaters were allowed to vote," and that inanimate objects were voted, such as Mr. Gate Post, Saw Log, etc., though it is not alleged how many repeaters voted, or how many inanimate objects were voted, or if so for whom counted. Contestant said he could not verify these facts, but only charged same upon information imparted to him.

It is not necessary to go into details of the allegations of the petition and its amendments; to do so would only consume time and space and would be of no appreciable benefit to parties, lawyers or laymen. It is sufficient to say that there was a total lack of allegation which constituted legal grounds for, or to support a contest action.

When the cause was submitted on demurrer and motions to strike, the court correctly sustained demurrer to the petition and first amendment, insofar as they undertook to set up legal grounds of contest, but overruled demurrers to such portions as sought a recount of the ballots. He overruled the motion of contestee to strike the second amended petition, which did not state any legal grounds for contest, but did ask for recount. The court properly overruled the motion of contestant to strike contestee's answer, and as correctly overruled contestant's motion to take the allegations of his pleadings as true. This left in the case only grounds for a recount, which was ordered and conducted in the precise manner required by relative statutes. On this hearing proof was first introduced to show, and which did show the integrity of the ballots. A recount was had with the result that Belcher lost one vote, leaving his plurality at 87 votes.

Notwithstanding the court had sustained demurrers to the pleadings of contestant, except insofar as they were sufficient to justify a recount, appellant proceeded to take several depositions in an effort to sustain his grounds of contest. Contestee filed exceptions to and motion to strike the depositions, on the ground "that they were taken without notice, and were not certified according to law." The court in making preliminary orders reserved his ruling, and we fail to find in the record a later ruling. In addition to the grounds for striking we fail to find any order filing them of record. An examination of the notice, and of the depositions show such irregularities and failures in orderly procedure, as to have justified the court in sustaining exceptions.

The depositions are in the record, but handled in the transcript in such a way as to authorize this court to strike them on its motion, or not to consider them at all. The originals are filed, and six or eight of them are in pen writing, not too legible, and seven or more are typed in such manner and form as to make reading difficult; none conforming to our rules with regard to the preparation of transcripts. However, we have taken the trouble to give them cursory examination, and are clearly of the opinion that even had there been valid

grounds of contest pleaded, the depositions fail to establish any fact which would sustain a contest.

Contestant's brief is aimed almost entirely at the court's pro and con rulings on motions and demurrers, which, as we have heretofore indicated, were eminently correct. Little is said relative to the recount, and since the ballots examined by the court are not made part of the record, we must take it that the court also correctly ruled on this phase of the case.

The court, in addition to finding that the ballots recounted showed contestee to have received a substantial plurality of the votes, dismissed contestant's petition. In this respect he ruled correctly, hence the judgment is affirmed, mandate to issue forthwith, without prejudice to the right of contestant to file petition for a rehearing.